NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS EMILIO POLANCO-HERNANDEZ, | No. 18-70638 |
| Petitioner, | Agency No. A200-629-924 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Luis Emilio Polanco-Hernandez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Polanco-Hernandez's contentions regarding his political opinion and the timeliness of his asylum application because he failed to raise them below. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to withholding of removal, substantial evidence supports the agency's determination that the threats Polanco-Hernandez received from gang members in 1999 and 2000 did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'"); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel the conclusion that

petitioner's past harm constituted persecution).

The agency did not err in finding that Polanco-Hernandez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that, even if Polanco-Hernandez stated a cognizable social group of family members as landowners, he failed to establish a fear of future persecution on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)). Thus, Polanco-Hernandez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Polanco-Hernandez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Aden*

*v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Polanco-Hernandez's contentions regarding his credibility and that the agency did not consider his evidence.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**